UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

**ALEX J. COLE**, individually and on behalf of others similarly situated,

                Plaintiff,

    vs.

**STEPHEN EINSTEIN & ASSOCIATES, P.C.**, and **SECOND ROUND, L.P. d/b/a THIRD ROUND, L.P.**,

                Defendants.
_____

**CLASS ACTION COMPLAINT**

Civ. No.

Trial by Jury is Demanded

      Plaintiff, ALEX J. COLE (hereinafter referred to as "PLAINTIFF"), by and through undersigned counsel, individually and on behalf of others similarly situated, alleges upon knowledge as to himself and his own acts, and upon information and belief as to all other matters, and brings this complaint against Defendants, STEPHEN EINSTEIN & ASSOCIATES, P.C. ("EINSTEIN") and SECOND ROUND, L.P. d/b/a THIRD ROUND, L.P. ("SECOND ROUND") (collectively "DEFENDANTS"), and in support thereof alleges the following:

## PRELIMINARY STATEMENT

      1.    PLAINTIFF brings this action for damages arising from DEFENDANTS' violations of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

## JURISDICTION AND VENUE

      2.    The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d).

      3.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in the Western District of New York.

## PARTIES

4. PLAINTIFF is a natural person residing in Honeoye Falls, New York.

5. PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

6. PLAINTIFF allegedly owes a (past due) consumer "debt" as defined by 15 U.S.C. § 1692a(5).

7. EINSTEIN is a law firm formed under the laws of New York, the principal purpose of whose business is the collection of debts, with a principal place of business at 39 Broadway, Suite 1250, New York, New York 10006.

8. SECOND ROUND was formed under the laws of Texas, the principal purpose of whose business is the collection of debts, with a principal place of business at 1701 Directors Boulevard, Suite 900, Austin, Texas, 78744.

9. Upon information and belief, SECOND ROUND obtained this account after it had been placed in default.

10. Upon information and belief, EINSTEIN began collecting on this account after it had been placed in default.

11. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS regularly collect or attempt to collect consumer debts owed or due or asserted to be owed or due another, and that each DEFENDANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

12. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 11 inclusive, above.

13.     On or about April 12, 2017, EINSTEIN mailed a form letter to PLAINTIFF in connection with the collection of an alleged debt, a true and correct copy of which is attached as **Exhibit 1**.

14.     EINSTEIN was attempting to collect on an alleged debt relating to a credit card. *Id.*

15.     In this letter, EINSTEIN states: "CHARGES OR FEES: $0.00." *Id.*

16.     Upon information and belief, substantial amounts of late fees have accrued on this account.

17.     Upon information and belief, SECOND ROUND controls, approves, supervises, and oversees EINSTEIN's collection activities, such that there exists a principal-agent relationship between SECOND ROUND and EINSTEIN respectively.

## CLASS ACTION ALLEGATIONS

18.     PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 17 inclusive, above.

19.     PLAINTIFF brings this claim individually and on behalf of all others similarly situated for the purpose of asserting the claim alleged in this Complaint on a common basis. PLAINTIFF's proposed class is defined under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 23(b)(3), and PLAINTIFF proposes to act as representative of the following class:

    a. A class consisting of consumers who:

        i. Reside in New York; and

        ii. Within one year prior to the filing of this action;

        iii. Received a collection letter from EINSTEIN in substantially the same form as **Exhibit 1** attempting to collect a debt allegedly owed to

        SECOND ROUND;

        iv. Where such letter was not returned as undeliverable.

20. PLAINTIFF does not know the exact size or identities of the class, as DEFENDANTS maintain exclusive control of such information. PLAINTIFF believes that the class includes between 100 and 500 individuals whose identities can be readily determined from DEFENDANTS' business records. Therefore, the proposed class is so numerous that joinder of all members is impracticable.

21. All class members have been affected by the same conduct. The common questions of law and fact predominate over any questions affecting only individual members of the class. These questions include, but are not limited to:

    a. Whether EINSTEIN's letter violated 15 U.S.C. § 1692e by stating that no charges or fees had accrued on the account;

    b. The identities of individuals who received a substantially similar collection letter from EINSTEIN;

    c. The total number of collection letters that EINSTEIN mailed to consumers; and

    d. The nature of the relationship between SECOND ROUND and EINSTEIN.

22. PLAINTIFF's claims are typical of the claims of the class and do not conflict with the interests of any other class members. PLAINTIFF and the members of the class were uniformly subjected to the same conduct.

23. Upon information and belief, EINSTEIN has a practice and policy of sending misleading collection letters to consumers.

24. Upon information and belief, there exists a principal-agent relationship between SECOND ROUND and EINSTEIN, respectively.

25. PLAINTIFF will fairly and adequately represent the class members' interests and has retained counsel who are qualified to pursue this litigation. PLAINTIFF's counsel's firm, DOUGLAS FIRM, P.C., focuses on prosecuting FDCPA lawsuits. PLAINTIFF's counsel, Alexander J. Douglas, has substantial experience bringing FDCPA claims.

26. PLAINTIFF is committed to vigorously pursuing his claims.

27. A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k. The members of the class are generally unsophisticated consumers whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards and would not be in the best interest of judicial economy.

28. A class action regarding the issues in this case does not create any problems of manageability.

29. If facts are discovered to be appropriate, PLAINTIFF will seek to certify the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## FIRST CLAIM FOR RELIEF

**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692e**
**BROUGHT BY PLAINTIFF INDIVIDUALLY**
**AND ON BEHALF OF THE CLASS**

30. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 29 inclusive, above.

31. A debt collector "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

32. On or about April 12, 2017, EINSTEIN mailed a form letter to PLAINTIFF in connection with the collection of an alleged debt.  Ex. 1.

33. EINSTEIN was attempting to collect on an alleged debt relating to a credit card. *Id.*

34. In this letter, EINSTEIN states: "CHARGES OR FEES: $0.00."  *Id.*

35. Upon information and belief, substantial amounts of late fees have accrued on this account.

36. By falsely stating that the amount of accrued charges or fees was "$0.00," EINSTEIN made a false and misleading representation in violation of 15 U.S.C. § 1692e.

37. As a result of the FDCPA violations by EINSTEIN, PLAINTIFF is entitled to an award of statutory damages.

38. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, and is entitled to recover reasonable attorneys' fees therefor.

39. PLAINTIFF has suffered the concrete injury of being deprived of his right to not receive communications from debt collectors that contain material misrepresentations, and he therefore has standing for the purposes of Article III.

40. Upon information and belief, SECOND ROUND controls, approves, supervises, and oversees EINSTEIN's collection activities, such that there exists a principal-agent relationship between SECOND ROUND and EINSTEIN respectively.

41. As such, SECOND ROUND is vicariously liable for EINSTEIN'S FDCPA violations.

**DEMAND FOR JURY TRIAL**

42. Please take notice that PLAINTIFF demands trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF's favor, and that judgment be entered against DEFENDANTS for the following:

(1) For statutory damages awarded to PLAINTIFF, not to exceed $1000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(2) For certification of the class;

(3) For statutory damages awarded to the Class Members, pursuant to 15 U.S.C. § 1692k(a)(2)(B), of the amount not to exceed the lesser of $500,000 or 1 per centum (1%) of the net worth of SECOND ROUND;

(4) For reasonable attorneys' fees for all services performed by counsel in connection with the prosecution of these claims;

(5) For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(6) For any and all other relief this Court may deem appropriate.

Dated: Rochester, New York.
       March 20, 2018

                Respectfully Submitted,

                **DOUGLAS FIRM, P.C.**

                /s/ Alexander J. Douglas

                ALEXANDER J. DOUGLAS
                New York Bar No. 5343892
                36 West Main Street, Ste 500
                Rochester, NY  14614
                Tel: (585) 568-2224
                Fax: (585) 546-6185
                alex@lawroc.com